**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ARTHUR E. PIERCE, II                                                                                           PLAINTIFF
ADC #141254

V.                                       NO: 5:13CV00219 BSM/HDY

MARK CASHION *et al.*                                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District
          Judge  (if such a  hearing is granted)  was not  offered at  the
          hearing before the Magistrate Judge.

>  3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Arthur E. Pierce II, an inmate who is currently incarcerated at the Randall Williams Correctional Facility of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on July 15, 2013. On July 24, 2014, Defendants Mark Cashion, Larry May, Emmett Patrick, and Loretha West, filed a motion for summary judgment, an addendum, a statement of facts, and a brief in support (docket entries #34-#37). Defendant Judith Savoy filed a motion for summary judgment, a brief in support, and a statement of facts, that same day (docket entries #38-#40). Plaintiff filed a response on August 22, 2014 (docket entry #42), and on September 16, 2014 (docket entry #52). Defendant Judith Savoy filed a reply on September 24, 2014 (docket entry #53).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he has several medical problems which prevent him from performing field work, but he is still assigned as a field utility worker despite his limitations. Plaintiff contends he has been forced to work and has been disciplined several times. In both motions, all Defendants first assert that they are entitled to summary judgment due to Plaintiff's failure to exhaust his administrative remedies with respect to his claims against them. Thus, the Court must first consider whether Plaintiff exhausted his available administrative remedies before he filed this lawsuit.

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). However, lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d

874, 876 (8th Cir. 2005)(per curiam).

Plaintiff's claims against Cashion, May, Patrick, and West, involve his job classification and the alleged failure to assign him to work consistent with his physical limitations. Although it is true that Cashion, May, Patrick, and West, were not named in any exhausted grievance as required by ADC policy, Plaintiff was allowed to exhaust grievances which did not name any individual (docket entries #34-6 & #34-7). The United States Court of Appeals for the Eighth Circuit has determined that prison officials' acceptance and resolution of a procedurally deficient grievance serves to establish proper exhaustion. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012)(PLRA's exhaustion requirements are satisfied if grievance is considered on the merits, even if it could have been denied for procedural deficiencies). Accordingly, Cashion, May, Patrick, and West, have not met their burden of demonstrating that Plaintiff failed to exhaust his job assignment claims against them.

Plaintiff's claims against Savoy are that she wouldn't let him see the doctor, and charged him for medical visits when she shouldn't have. According to the declaration of Shelly Byers, the ADC's medical grievance coordinator, the only medical grievance Plaintiff exhausted prior to December 9, 2013, was RLW-11-00257 (docket entry #40-1). That grievance is attached to Byers's declaration (docket entry #40-1, page #40). Grievance RLW-11-00257 has nothing to do with Plaintiff's allegations of Savoy restricting access to a physician or charging him improperly. Thus, Plaintiff has failed to exhaust his administrative remedies with respect to his claims against Savoy.

<u>Defendants Cashion, May, Patrick & West</u>

Because Defendants Cashion, May, Patrick, and West, failed to prove a lack of exhaustion as to Plaintiff's claims against them, the Court must decide whether they were deliberately

indifferent to a risk of harm Plaintiff faced as a result of his work assignment. Knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his life or health, or unduly painful, violates the Eighth Amendment. *Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007).

Plaintiff returned to the Randall Williams Unit in June of 2011, and was assigned a rating of M-1, indicating good to excellent physical condition. Plaintiff was therefore assigned to field utility, a job consistent with his rating (docket entry #35-9). After the assignment, Plaintiff filed grievance RLW-11-00257 complaining of the assignment. West reassigned Plaintiff to utility squad on August 16, 2012 (docket entry #35-7). Although Plaintiff was dissatisfied with his assignment, he had no restrictions until September 4, 2012, when he was to avoid heavy lifting and strenuous physical activity for periods in excess of four hours (docket entry #35-8). When Patrick learned of the restrictions, Plaintiff did not work past the four hour daily limit when he was under Patrick's supervision. Plaintiff's classification was changed on May 1, 2013, and he was not required to lift or handle items in excess of 25 pounds, or perform overhead work (docket entry #35-3). Thus, although Plaintiff complained about his job assignment, the evidence indicates that his assignment was consistent with his medical limitations. Even if Plaintiff's medical rating was improper, neither Patrick nor West assigned the rating, or were deliberately indifferent to a risk to his health or safety when they assigned him to work in a job consistent with his restrictions at the time. Because there was no indication that he was being required to work at a job inconsistent with his restrictions, Plaintiff's claims that Cashion and May provided unsatisfactory responses to his grievances are not actionable. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)(denial of grievances did not state substantive constitutional claim); *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no

*respondeat superior* liability for § 1983 violations). *See also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care). Accordingly, the motion for summary judgment filed by Cashion, May, Patrick, and West, should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Mark Cashion, Larry May, Emmett Patrick, and Loretha West (docket entry #34) be GRANTED, and Plaintiff's claims against Cashion, May, Patrick, and West, be DISMISSED WITH PREJUDICE.

2. The motion for summary judgment filed by Defendant Judith Savoy (docket entry #38) be GRANTED, and Plaintiff's claims against Savoy be DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against Savoy, and DISMISSED WITH PREJUDICE in all other respects.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __26__ day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE